IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-145-GMS |
| JOAN SANTIAGO, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Keith M. Rosen, Assistant United States Attorney, and the defendant, Joan Santiago, by and through his attorney, James Brose, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant agrees to plead guilty to Counts I and II of the pending Indictment, charging him with knowingly possessing with intent to transfer unlawfully five or more identification documents (Count I), in violation of 18 U.S.C. §§ 1028(a)(3), (b)(2)(B); and knowingly possessing a social security card with the intent to sell it for the purpose of obtaining a benefit to which he is not entitled (Count II), in violation of 42 U.S.C. § 408(a)(7)(C). Each of the above counts carry maximum penalties of 5 years of imprisonment, a $250,000 fine, or both, three years of supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial on Count I, the Government would have to prove: (1) that from on or about January 2007 through April 2007, the defendant knowingly possessed five or more identification documents; (2) that those documents were not

issued lawfully for the use of the defendant; (3) that the defendant possessed the documents with the intent to transfer those documents unlawfully; and (4) that those documents appeared to have been issued under the authority of the United States, the possession of those documents affected interstate commerce, or the documents were transported in the mail in the course of the unauthorized transfer.

    3.    The defendant understands that if there were a trial on Count II, the government would have to prove: (1) that from on or about January 2007 through April 2007, the defendant knowingly: (2) possessed a Social Security card; (3) with the intent to sell it; (4) for the purpose of obtaining for himself ro another person a payment or other benefit for which he or that other person was not entitled.

    4.    The defendant knowingly admits that he is guilty of the offenses charged in Counts I and II, including the conduct alleged in paragraphs 1-3 of the Indictment.

    5.    The defendant agrees to pay the $200 special assessment at the time of sentencing.

    6.    Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility. Further, if the Court determines that the defendant's offense level, prior to the application of the aforementioned two-point reduction, is 16 or greater, the Government will move for an additional one-point reduction pursuant to U.S.S.G. § 3E1.1(b).

    7.    At or about the time of sentencing, the government will move to dismiss the remaining count (Count III) of the Indictment.

8. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court upon appeal.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence within the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

10. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

|  |  |
|---|---|
| _____<br>Joan Santiago<br>Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>BY: _____<br>Keith M. Rosen<br>Assistant United States Attorney |
| _____<br>James Brose, Esquire<br>Attorney for Defendant | Dated: 2/27/08 |

AND NOW, this __27th__ day of __Feb__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE GREGORY M. SLEET
Chief Judge
United States District Court

FILED
FEB 27 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4