IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-145-01 |
| | : | |
| JOAN SANTIAGO | : | |

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Defendant, by his attorney, James F. Brose, Esquire, hereby files a sentencing memorandum to request that defendant serve the second half of his sentence on home detention pursuant to U.S.S.G. §5C1.1(d), and in support thereof states the following:

1.   On February 27, 2008, the defendant, Joan Santiago (hereinafter "Santiago") pled guilty before the Honorable Judge Gregory Sleet to one count of Unlawfully Possessing with Intent to Transfer five or more identification documents in violation of 18 U.S.C. §1028(a)(3) and (b)(2)(B) and to one count of Unlawfully Possessing a Social Security Card in violation of 42 U.S.C §408(a)(7).

2.   According to the guideline calculations set forth in Santiago's Pre-sentence Investigation Report, Santiago has a Total Offense Level score of nine (9) and a Criminal History score of six points placing him in Criminal History Category III.

3.   Pursuant to U.S.S.G. Chapter Five, Part A, based on a total Offense Level of 9 and a Criminal History of Category III, the Guideline Range for Imprisonment is 8 to 14 months.

4.   Pursuant to U.S.S.G. § 5C1.1(d), because the applicable guideline range is in Zone C, the minimum term of imprisonment by

either a sentence of imprisonment, or a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment.

5.    Santiago has been confined to house arrest with electronic monitoring as a condition of his bail since November 14, 2007.  During that time, Santiago has not violated any of the Court-imposed bail conditions.

6.    While successful performance of six months of house arrest pending the disposition of a case is not grounds for a downward departure, it can be a reason for the Court to vary from the standard range of sentences.  Moreover, even if the court decides to impose a standard range sentence, Santiago's successful performance on house arrest for the past six months should give the Court confidence that he will adhere to the conditions of home detention if the Court permits him to serve the second half of his sentence on home detention.

WHERERORE, for the above-stated reasons, Santiago requests this Honorable Court to vary downward from the guideline range of sentence and/or to order him to serve the second half of any prison sentence imposed on home confinement.

Respectfully Submitted,

/s/James F. Brose
James F. Brose, Esq.
206 South Avenue
Media, PA  19063
610-891-1989

<u>CERTIFICATION OF SERVICE</u>

I, James F. Brose, hereby certify that I caused to be electronically filed a copy of the foregoing documents with the Clerk of Courts using CMECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Keith Rosen, Esq.
United States Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899-2046

Date: May 21, 2008          <u>/s/ James F. Brose</u>